UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

| | |
|---|---|
| LEWIS BUSTETTER,<br><br>                              Plaintiff,<br>v.<br><br>STANDARD INSURANCE COMPANY,<br><br>                              Defendant. | Civil Action No. _____<br><br><br>COMPLAINT |

Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability and life insurance policy insured by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this amended complaint as though fully set forth therein.

3. The factual allegations found in this amended complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Eastern District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

Parties

6. Plaintiff Lewis Bustetter is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability and life insurance policies at issue in this lawsuit.

7. Defendant Standard Insurance Company is the insurer of the long-term disability and life insurance policies at issue in this lawsuit. Standard does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky.

Facts

8. Mr. Bustetter is insured under long-term disability and life insurance policies insured by Standard.

9. Mr. Bustetter ceased work in October 2014 because of the physical limitations resulting from his disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Mr. Bustetter has remained continuously disabled and unable to physically perform the duties necessary to engage in full-time gainful employment.

10. Standard agreed Mr. Bustetter was disabled and provided him with long-term disability and life insurance waiver of premium benefits from January 2015 through January 2017. Despite his physical inability to return to gainful employment, and absent any improvement in his disabling condition, Standard terminated his claim for any further disability benefits.

11. Mr. Bustetter has met and continues to meet the requirements of the insurance policies necessary to continue receiving monthly long-term disability benefits and life insurance waiver of premium benefits.

12. Mr. Bustetter exhausted his administrative remedies.

13. Mr. Bustetter's complaint is timely and is not otherwise time barred.

14. In administering Mr. Bustetter's disability claims, Standard actively sought to terminate his long-term disability and life insurance waiver of premium benefits including, by way of example, (i) relying on a flawed vocational analysis report and misstating his functional

limitations and restrictions; (ii) not having Mr. Bustetter physically examined by a licensed physician; and (iii) utilizing paid medical reviewers who have shown a high, if not absolute, propensity, of supporting its decision to deny disability claims.

15. At all times relative hereto, Standard has been operating under an inherent and structural conflict of interest because any disability benefits provided to Mr. Bustetter are paid from Standard's own assets with each payment depleting those same assets.

16. Standard's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce disability benefits it must provide.

17. Employees who save Standard money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

## Claims

### Breach of Contract

18. The long-term disability insurance and life insurance policies constitute written contracts.

19. Standard breached the terms of the insurance contracts by, among other things, improperly terminating Mr. Bustetter's long-term disability benefits and life insurance waiver of premium benefits.

20. Standard's contractual breaches damaged Mr. Bustetter, not only in the loss of his long-term disability benefits and life waiver of premium benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

21. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Bustetter to enforce the contractual terms of the insurance policies, to obtain past benefits, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

<u>Attorneys' Fees & Costs</u>

22. As a result of Standard's conduct, Mr. Bustetter has incurred attorneys' fees and costs.

23. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Bustetter to recover his reasonable attorneys' fees and costs.

<u>Prayer for Relief</u>

24. Mr. Bustetter requests the Court enter judgment in his favor and against Standard on all claims asserted herein, to include legal and equitable relief as appropriate.

25. Mr. Bustetter requests the Court award reasonable attorneys' fees and costs.

26. Mr. Bustetter requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Standard on the unpaid benefits.

27. Mr. Bustetter requests the Court award any and all other legal or equitable relief to which he may be entitled.

28. Mr. Bustetter requests leave to amend the complaint as needed.

Dated: January 3, 2018

Respectfully submitted,

s/ Michael D. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law | Insured Rights™
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*