**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 18-1-DLB-EBA**

**LEWIS BUSTETTER**                                                       **PLAINTIFF**

**v.**                       **MEMORANDUM OPINION AND ORDER**

**STANDARD INSURANCE COMPANY**                       **DEFENDANT**

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Plaintiff Lewis Bustetter's Motion to Alter or Amend Judgment (Doc. # 54) and Motion to Reopen (Doc. # 57). Plaintiff seeks alteration under Federal Rule of Civil Procedure 59(e) of the Court's prior September 24, 2019 Memorandum Opinion and Order (Doc. # 52) and Judgment (Doc. # 53). *See* (Doc. # 54). Additionally, following Defendant Standard Insurance Company's second denial of benefits upon remand, Plaintiff filed a Motion to Reopen (Doc. # 57) for review of this determination. Both Motions have been fully briefed and are ripe for the Court's review. (Docs. # 55, 56, 58 and 59). For the reasons set forth herein, the Motion to Alter or Amend Judgment (Doc. # 54) is **granted in part and denied in part**, and the Motion to Reopen (Doc. # 57) is **granted**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Bustetter was employed as a tank-truck driver for Ceva Logistics U.S., Inc., but due to an injury that caused chronic left knee pain, ceased working in October 2014. (Doc. # 52 at 1–3). Standard Insurance Company ("Standard"), the fiduciary and insurer

1

of the employee benefits plans, approved Bustetter's claim for long-term disability ("LTD") and life insurance with waiver of premium ("LWOP") benefits based on his inability to perform his own occupation; however, upon review of his claim for continued benefits beyond January 2017, Standard terminated his LTD and LWOP benefits for inability to show Bustetter could not perform any occupation. *Id*. at 3–4.

After exhausting his administrative remedies, Bustetter initiated this lawsuit in January 2018 under the Employee Retirement Income Security Act ("ERISA"), alleging that Standard had wrongfully deprived him of his LTD and LWOP benefits. (Doc. # 1). In his Complaint, Bustetter included "Claims" for breach of contract and attorney's fees. *Id*. On May 1, 2019, Standard moved for judgment on the Administrative Record. (Doc. # 46). Bustetter simultaneously moved for summary judgment, requesting that the Court reinstate his benefits and find him eligible for prejudgment interest and attorney's fees. (Doc. # 47).

On September 24, 2019, this Court denied Standard's Motion for Judgment on the Administrative Record and granted in part Bustetter's Motion for Summary Judgment. (Docs. # 52 and 53). In that Order, the Court found that Standard's decision to deny LTD benefits beyond January 2017 was "arbitrary and capricious" based on Standard's reliance on a non-examining physician's opinion to disregard Bustetter's subjective complaints of pain that were documented by his treating physicians. (Doc. # 52 at 10–14). As for LWOP benefits, the Court found Standard acted arbitrarily and capriciously by erroneously applying an LTD limitation to Bustetter's LWOP claim, considering that it is more difficult to qualify for LTD benefits, and only offering a brief denial explanation. *Id*. at 15–16. Accordingly, the Court remanded the case to Standard for a full and fair

inquiry to determine whether Bustetter is entitled to continued benefits. *Id*. at 16–17. The Order also denied both parties' requests for attorneys' fees and costs, and declined to reinstate Bustetter's benefits and award him prejudgment interest. *Id*. at 17–21. The corresponding Judgment stated that this was a "final and appealable order." (Doc. # 53).

Bustetter then filed a timely Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), requesting that the Court alter or amend the Order and Judgment to: (1) withdraw the previous denial of attorney's fees to Bustetter and permit him to file a motion for attorney's fees and costs, and (2) reinstate Bustetter's LTD and LWOP benefits, including retroactive payments with interest, until Standard has given him a full and fair review of his benefits claim. (Doc. # 54). Additionally, following Standard's December 17, 2019 second denial of benefits after remand, Bustetter filed a Motion to Reopen for judicial review of this denial. (Doc. # 57). Standard responded indicating that it does not oppose re-opening this matter to allow Bustetter to seek judicial review of its decision on remand. (Doc. # 58 at 7).

**II.     ANALYSIS**

    **A.     Motion to Reopen**

In the ERISA benefits claim context, a motion to reopen a case permits judicial review following an administrative decision following remand. *See McKay v. Reliance Standard Life Ins. Co.*, No. 1:06-CV-00267, 2008 WL 4615787, at *1 (E.D. Tenn. Oct. 16, 2008) (citing *Bowers v. Sheet Metal Workers' Nat'l Pension Fund*, 365 F.3d 535, 536–537 (6th Cir. 2004); *Petralia v. AT&T Global Info. Solutions Co.,* 114 F.3d 352, 354 (1st Cir.1997) ("Ordinarily implicit in a federal district court's order of remand to a plan fiduciary is an understanding that after a new decision by the plan fiduciary, a party seeking judicial

review in the district court may do so by a timely motion filed in the same civil action.")). Specifically, a motion to reopen is appropriate, as remands are usually not final decisions, and therefore a plaintiff need only file a motion in the same case for further relief, rather than file a new claim. *See id*.

Generally, ERISA remands to plan administrators frequently pose procedural issues, as remands may vary in their reasoning, scope, and direction to the plan administrators. However, in *Bowers*, 365 F.3d 535, the Sixth Circuit established that a district court's remand to a plan administrator that does not resolve the question of whether the claimant is eligible for benefits does not constitute a final decision or final judgment. *Laake v. Benefits Comm., W. & S. Fin. Grp. Co. Flexible Benefits Plan*, 793 F. App'x 413, 414 (6th Cir. 2019) (quoting *Bowers*, 465 F.3d at 536–37) ("[B]ecause the district court had 'merely vacated [the] eligibility determination' and had 'not resolve[d] the ultimate question of whether [the plaintiff was] eligible for benefits,' the judgment was not final.").

Therefore, since the prior Order remanding his claim to Standard was not final, Bustetter's filing of a Motion to Reopen was the appropriate method of seeking judicial review of the second denial of LTD and LWOP benefits. *See McKay*, 2008 WL 4615787, at *1 (citing *Bowers*, 365 F.3d at 536–537) (stating that remands could be challenged in the same action); *see also Swiger v. Cont'l Cas. Co.,* No. 7:05-cv-255-ART, 2008 U.S. Dist. LEXIS 36204 (E.D. Ky. May 2, 2008) ("After a new determination regarding Plaintiff's application for long-term disability benefits has been made by Defendant on remand, Plaintiff may challenge that determination upon motion to the Court if he so chooses."). Thus, as the parties' agree and acknowledge, Standard's second denial of Bustetter's

4

claim on December 17, 2019, *see* (Docs. # 57 at 7; 58 at 1), allows Bustetter to file a motion informing the Court of this denial, and accordingly it is reopened. *See McKay*, 2008 WL 4615787, at *1 (reinstating upon evidence of second administrative denial). Accordingly, Bustetter's Motion to Reopen (Doc. # 57) is **granted**.

B.   **Standard of Review for Reconsideration of Prior Order**

Although Bustetter requested amendment or alteration under Rule 59(e), the Court finds that Federal Rule of Civil Procedure 54 provides the appropriate vehicle for relief based on the procedural posture of the case. *See Schmittou v. Metro. Life Ins. Corp.*, No. 3:05-CV-0013, 2013 WL 1899074, at *1 (M.D. Tenn. May 7, 2013); *see also Butler v. United Healthcare of Tenn., Inc.*, No. 3:07-CV-465, 2011 WL 3300674, at *3–4 (E.D. Tenn. Aug. 1, 2011) (citing *Bowers*, 365 F.3d at 536) (stating that Rule 59(e) "does not provide a basis for relief," for reviewing remands but noting the "inherent power" to review interlocutory orders under Rule 54(b) and common law).

Under Rule 54(b), regardless of an order's designation, it may be revised "before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Alteration is appropriate if there is an "(1) an intervening change of controlling law, (2) new evidence, or (3) a need to correct a clear error of law or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir.2004); *see also Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.,* 118 F. App'x 942, 946 (6th Cir.2004) (emphasis removed) (quotation omitted).[1]

---

[1]   Alternatively, as Bustetter moved for Rule 59(e) alteration, the Court could act upon that rule to vacate the portion of its Judgment labeling the decision as "final and appealable" and state that the document was incorrectly labeled, a "clear error of law" that a Court may correct. *See ACLU of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)) (stating the grounds for Rule 59(e) motions). Thus, the Court would be using a rule for final orders to alter an order from final to interlocutory.

5

Now that the standard of review has been properly clarified, the Court will turn to Bustetter's assertions that it was a "clear error of law" not to reinstate his benefits and deny attorney's fees, and failure to offer relief on these issues would allow manifest injustice. (Doc. # 54 at 2).

### C. Remand Without Reinstatement of Benefits

Bustetter asks the Court to reconsider the remedy it chose and argues that rather than simply remanding his claim, the Court should have ordered a retroactive reinstatement of benefits with interest. (Doc. # 54 at 5). Specifically, Bustetter contends that when a claimant was receiving benefits prior to termination, a return to the "status quo" until "such time as the full and fair review is completed" is the proper remedy, and therefore "it was clear error of law for the Court to not require Standard to bring Mr. Bustetter's benefits current with interest and continue paying his LTD benefits" until such a full and fair review was completed. *Id*. at 6–7. Bustetter also claims that given that he has gone without benefits for over three years due to Standard's arbitrary denial, allowing him to continue to not receive benefits "while Standard faces no consequence for its conduct," would be a manifest injustice. *Id*. at 7. Bustetter is mistaken, as a reinstatement of benefits pending a full and fair review is not the appropriate remedy in this scenario.

Courts have "considerable discretion to craft a remedy after finding a mistake in the denial of benefits." *Elliott v. Metropolitan Life Ins. Co.*, 473 F.3d 613, 622 (6th Cir.

---

However, the Court finds construing Bustetter's Motion as one under Rule 54 is more appropriate, as the crux of the matter is that the order was actually never final, regardless of a designation on a separate Judgment, and while the Court's intention can be relevant, these designations cannot alter the substance of the order itself. Furthermore, the Court wants to make its intentions clear that it is retaining jurisdiction for reasons previously noted. While Rule 54(b) is used before final judgment, the Judgment here, incorrectly labeled as final, did not "adjudicate all the claims." FED. R. CIV. P. 54(b).

6

2006) (citing *Buffonge v. Prudential Ins. Co. of America,* 426 F.3d 20, 31 (1st Cir.2005)). However, Courts are typically faced with the option of either awarding retroactive reinstatement of benefits to the claimant or remanding the claim to the plan administrator. *Id*. at 621.  "[W]here the problem is with the integrity of [the plan administrator's] decision-making process, rather than that [a claimant] was denied benefits to which he was clearly entitled, the appropriate remedy generally is remand to the plan administrator." *Id.* at 622 (third alteration in original) (internal quotation marks and citation omitted).

Accordingly, in its prior Order, the Court chose to remand Bustetter's claim to Standard for a full and fair review, rather than reinstating his benefits.  In doing so, the Court found that Standard practiced a "flawed decision-making process" because of its failure to address the functional capacity determinations made by Bustetter's treating physical therapist and neurologist, used a non-examining physician's opinion to disregard Bustetter's subjective complaints of pain, and incorrectly applied an LTD standard to the LWOP determination.  (Doc. # 52 at 16–17).

Bustetter does not argue that he is clearly entitled to continued benefits, such that a remand is unnecessary.  Rather, he asserts that the proper course of action for ordering a remand upon a finding that a plan administrator acted arbitrarily and capriciously in a *termination* of benefits case is to reinstate benefits while the claimant waits for a full and fair review.  (Doc. # 54 at 5–8).  Bustetter characterizes this as a "status quo" rule, in which a claimant who was never receiving benefits in the first place does not receive any upon remand, but a claimant whose benefits were terminated is entitled to reinstatement while waiting for review.  *Id*.

7

Unfortunately for Bustetter, no such blanket "status quo" rule exists, and courts use the *Elliot* rule to remand without any retroactive reinstatement of benefits for both initial denial of benefits cases, as well as termination of benefits cases. *See, e.g.*, *Helfman v. GE Grp. Life Assur. Co.*, 573 F.3d 383, 396 (6th Cir. 2009) (applying *Elliot* after determining the plan administrator acted arbitrarily and capriciously in terminating the plaintiff's LTD benefits and deciding to remand to the plan administrator without retroactively reinstating benefits).

While a return to the "status quo" may be appropriate in certain circumstances, this is not a categorical rule, or most relevantly, a rule that would be applicable and appropriate here. For instance, Bustetter argues that *Wenner v. Sun Life Assurance Co.*, 482 F.3d 878 (6th Cir. 2007) confirms this "status quo" rule, however, the court in *Wenner* dealt with an issue of proper notice to a beneficiary of a termination decision, rather than an examination as to whether the plan administrator adequately reviewed the evidence before it, and the court found reinstatement appropriate "*under [those] circumstances*." *See Wenner*, 482 F.3d at 882–83 (finding a plan administrator violated ERISA's notice requirements when its initial termination letter stated that the claimant's failure to respond to an updated information request "was the sole basis for the benefits termination, but the final decision letter stated the entirely new reason").

Bustetter also characterizes Sixth Circuit precedent as having established a clear rule for reinstatement of benefits upon a finding that a plan administrator reviewed medical evidence arbitrarily and capriciously. (Docs. # 54 at 6; 56 at 5–6). Specifically, Bustetter cites *Williams v. Int'l Paper Co.*, 227 F.3d 706 (6th Cir. 2000), in which the court stated that, while remand can be a proper remedy, "where the review of the medial [sic]

8

evidence was arbitrary and capricious or unreasonable, the proper remedy is to retroactively grant benefits without a remand." *Williams*, 227 F.3d at 715. However, contrary to Bustetter's assertion, this statement in *Williams* has not been applied so broadly as to mean that *all* instances of arbitrary and capricious review of medical evidence warrant a reinstatement of benefits.

In *Williams* itself, the court reinstated the claimant's benefits because of the plan administrator's improper "selective review" of the medical evidence, namely that the plan administrator told its medical consultants not to review two letters from the claimant's doctor that demonstrated that he had a disability "within the meaning of the plan," while ensuring the claimant that it was reviewing all of the evidence he submitted. *Id*. at 714–15. "[O]mission is critical, because the failure to consider evidence that is offered after an initial denial of benefits renders a final denial of benefits arbitrary and capricious. *Glenn v. MetLife*, 461 F.3d 660, 672 (6th Cir. 2006), *aff'd sub nom. Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008) (reinstating benefits, citing *Williams*, at least in part due to a plan administrator's failure to even mention a letter the plaintiff submitted on appeal that contained a medical opinion that the plaintiff was disabled submitted from the only treating physician).

Additionally, the court in *Williams* reinstated benefits based on two grounds—"selective review," as mentioned, and clear evidence of disability or lack of contrary evidence and no need for further factual findings. *Williams*, 227 F.3d at 715 (citing *Canseco v. Construction Laborers Pension Trust for Southern California*, 93 F.3d 600, 609 (9th Cir. 1996)) ("[I]t is also appropriate to retroactively grant disability benefits without remanding the case where there are no factual determinations to be made."); *see*

9

*also Dover v. Metropolitan Life Ins. Co.*, No. 03-2074, 2005 WL 1601531, at *3–4 (6th Cir. Jan. 12, 2005) (reinstating benefits on both grounds—"insufficiency of the evidence" of employability and improper reliance on medical evidence from a non-treating consultative professional who only viewed certain records from the claimant's time in prison, while ignoring two separate medical opinions finding the plaintiff disabled).

*Williams* is consistent with *Elliot*, in that reinstatement is appropriate when a plaintiff is clearly eligible for benefits.  Notably, courts have found plan administrators arbitrary and capricious in their review of medical evidence, but nonetheless, have remanded without reinstatement of benefits under *Elliot*, as this Court did.  *See, e.g.*, *Cannon ex rel. Cannon v. PNC Fin. Serv's Group*, 645 F. App'x 344, 346–47 (6th Cir. 2016) (finding it arbitrary partially due to plan administrator's failure to consider a physician's letter about a recent surgery he performed on plaintiff that would demonstrate her disability, but remanding without reinstatement under *Elliot*); *Zuke v. Am. Airlines, Inc.*, 644 F. App'x 649, 654–55 (6th Cir. 2016) (remanding a termination of benefits decision to the plan administrator without reinstatement of benefits "[g]iven the objective evidence ignored by the Plan as well as the cursory manner in which [plaintiff's] treating physicians' findings were dismissed").  These cases confirm that *Williams* should not be read as stating a broad, categorical rule for reinstatement following arbitrary and capricious review of medical evidence.

In its prior Order, the Court found Standard acted arbitrarily in its reliance on the opinion of a consultative, non-treating physician, who wrote a one-paragraph cursory rejection of the functional capacity findings from the treating physical therapist and neurologist.  (Doc. # 52 at 10–14).  Even though Standard was arbitrary and capricious

in its review of the medical evidence, the Court did not err in remanding without reinstatement of benefits. Additionally, remand was proper for the failure to "explain adequately the ground of its decision," *Bishop v. Sun Life Assur. Co. of Canada*, 5:06-cv-38-JBC, 2007 WL 141051, at *5 (E.D. Ky. Jan. 17, 2007) (citing *Caldwell v. Life Ins. Co. of North America,* 287 F.3d 1276, 1288 (10th Cir. 2002)). In contrast to *Williams*, the medical evidence here was at least considered, as Standard did not bar its consultative physician from reviewing the medical opinions of treating sources, which is evident from the one paragraph reference to the treating source's findings. *See Williams*, 227 F.3d at 714–16 (stating that the plan administrator there *ignored* evidence rather than *cursorily* explaining it).

Additionally, the Court acknowledged that conflicting medical evidence exists that could show Bustetter was ineligible for LTD benefits, which made remand, rather than reinstatement of benefits, appropriate. *Cf. Williams*, 227 F.3d at 714–16 (reinstating benefits after finding no further factfinding necessary and no conflicting evidence); *Dover*, 2005 WL 1601531 at *3–4 (reinstating benefits when the medical record demonstrated disability with the only contrary evidence being the opinion of a non-treating medical professional with limited access to the claimant's records). Importantly, Bustetter fails to offer any arguments to show that the arbitrary and capricious conduct rises to the arbitrary and capricious level in *Williams*, but instead argues that *Williams* creates a broad rule for reinstatement. Ultimately, this is misguided, as failure to even acknowledge case-by-case differences does little to convince the Court that such differences are not relevant here.

For these reasons, the Court concludes that altering its prior Order to reinstate benefits as suggested by Bustetter is not appropriate, as he has demonstrated neither clear error of law nor manifest injustice of the prior decision.  *See Rodriguez*, 89 F. App'x at 959 (articulating the Rule 54 standards to reconsidering a prior order).  Because benefits will not be reinstated, the issue as to whether interest should be awarded is moot.  Accordingly, the request for reinstatement of benefits is **denied**.

### D. Attorney's Fees

As for attorney's fees, Bustetter included a very brief request for fees in both his Complaint and Motion for Summary Judgment.  *See* (Docs. # 1 at 4; 27 at 49).  Now, Bustetter argues the Court erroneously denied him the opportunity to submit a post-remand motion for fees, and instead, erroneously ruled on that issue before affording him the right to fully argue it.  (Doc. # 54 at 2–5).  Adjudication procedures for attorney's fees requests vary.  While some attorney's fees are typically claimed in the party's pleading, as they are "analogous to damages" and an "integral part" of the claims on the merits, *Clarke v. Mindis Metals, Inc.*, 99 F.3d 1138, 1996 WL 616677, at *3 (6th Cir. 1996) (unpublished); *see Lynch v. Sease*, No. 6:03-479-DCR, 2006 WL 1206472, at *5 (E.D. Ky. May 2, 2006) (distinguishing "fees recoverable as an element of damages, as when sought under the terms of a contract"), more typically, attorney's fees are separate claims, "collateral to the merits [claims] and are awarded only after the entry of judgment."  *Id*. (citing FED. R. CIV. P. 54(d)(2)(B)).  Thus, once judgment on the merits is entered, and subsequently upon briefing of an attorney's fees motion, a separate order is issued for the disposition of the fee claim.  *See* FED. R. CIV. P. 54(d)(2)(B); FED. R. CIV. P. 58(a)(3)

(stating that a ruling on attorney's fees under Rule 54(d) does not require the filing of a separate judgment document for judgment to be entered).

Under the local rules in this District, such a motion for attorney's fees under Rule 54(d) must be filed no later than thirty days from entry of judgment. L.R. 54.4; *see Epperson v. Colbert*, 679 F. App'x 410, 418 (6th Cir. 2017) (quoting *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997)) (noting that while Rule 54(d) imposes a fourteen day deadline, a district court "remain[s] free to adopt local rules establishing timeliness standards for the filing of claims for attorney's fees")

Under 29 U.S.C. § 1132(g)(1), a "court in its discretion may allow a reasonable attorney's fee," however, the party requesting the fee must have achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983)).  In contrast to other attorney's fees statutes that usually grant fees to a prevailing party, § 1132(g)(1) offers a wider window of relief, affording either party an opportunity for relief after "some success," which thus allows for attorney's fees awards following *some* remands, based on the nature of the remand. *See, e.g. McKay v. Reliance Standard Life Ins. Co.,* 428 Fed. App'x. 537, 546–47 (6th Cir. 2011); *Hardt*, 560 U.S. at 255 (quoting *Ruckelshaus,* 463 U.S. at 694).

Referring to Rule 54(d), Bustetter argues that it was clear error to stray from the standard procedure of allowing a party to submit a separate motion for attorney's fees after deciding a benefit claim. (Doc. # 54 at 2–5). Notably, while Rule 54(d) establishes procedure for filing fee motions after judgment, the rule refers to the appropriate time for

13

filing a motion as after "entry of judgment," and earlier defines judgment as "an order from which an appeal lies." FED. R. CIV. P. 54(a) & (d).

Here, Bustetter's prior request for attorney's fees at the summary judgment phase was made in passing. In fact, in a span of three sentences, he requested fees if the case were remanded or benefits were reinstated in accordance with the "some success on the merits" rule in *Hardt*. (Doc. # 47 at 29). While attorney's fees are separate claims, the Court's prior decision to deny fees, upon fully considering the benefits claim, and only then articulating its reasoning for subsequently denying attorney's fees that the parties briefly requested based on the decision to remand, was not an error of law.

Ultimately, the Court will construe Bustetter's request as a motion for leave to file a motion for attorney's fees, *see Laake*, 793 F.App'x at 415, and clarify that the original denial was without prejudice, meaning subsequent fee motions *may* be appropriate for either party within the Court's discretion, and with each party demonstrating, in accordance with *Hardt*, both achievement of "some success on the merits," as well as that it *should* be awarded fees based on other factors. Thus, alteration of denial of Bustetter's attorney fee request is **denied**. However, the Court will grant him leave to file a motion for attorney's fees at the conclusion of the litigation.

### III.  CONCLUSION

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)  Plaintiff's Motion to Alter or Amend Judgment (Doc. # 54) is **DENIED IN PART** and **GRANTED IN PART** as set forth herein;

(2) Plaintiff is granted **leave to file** a motion for attorney's fees at the conclusion of the litigation;

(3) Plaintiff's Motion to Reopen (Doc. # 57) is **GRANTED** with Plaintiff's case against Defendant reinstated. The Clerk of the Court shall return this matter to the active docket; and

(4) Within **twenty-one (21) days**, counsel shall file a joint status report containing a proposed scheduling order for discovery and briefing of the second denial of benefits. Should the parties find that a joint report is not possible, the parties shall each file individual reports, which the Court shall entertain for the purposes of setting out its revised scheduling order or other appropriate order.

This 6th day of May, 2020.

**Signed By:**
*David L. Bunning*
**United States District Judge**

J:\DATA\ORDERS\Ashland Civil\2018\18-1 Order Denying MTA in part Granting in part (2).docx